IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THI THIEU MILLER, individually, and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 12-CV-04961 |
| v. ) ) | JURY TRIAL DEMANDED |
| RED BULL NORTH AMERICA, INC., a California corporation, ) ) ) ) | |
| Defendant ) | |

## CLASS ACTION COMPLAINT

Plaintiff Thi Thieu Miller brings this class action complaint against Defendants Red Bull North America, Inc. ("Red Bull"), to stop its practice of sending unsolicited text messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### I. NATURE OF THE ACTION

1. Defendant Red Bull manufactures and sells beverage and soft-drink products in more than 160 countries worldwide, including the United States. In an effort to market a variety those products in the U.S., Defendant repeatedly sent (or directed to be sent on its behalf) unsolicited text message advertisements to Plaintiff's and putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Neither Plaintiff Miller, nor the other members of the Class, ever consented to have Defendant send the text messages at issue in this Complaint to their phones.

3. By sending those text messages, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text message activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose here. Venue is additionally proper because Plaintiff resides here.

## III. PARTIES

7. Plaintiff Thi Thieu Miller is a natural person domiciled in the State of Illinois.

8. Defendant Red Bull North America, Inc. is a corporation incorporated and existing under the laws of the State of California with its principal place of business located at 1740 Stewart Street, Santa Monica, California 90404. Red Bull does business throughout the United States, the state of Illinois and this District.

### IV. FACTUAL BACKGROUND

9. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text message calls (usually no more than 160 characters) to and from cellular telephones.

11. SMS message calls are directed to a wireless device using the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

12. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens*,

Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited June 17, 2012).

13. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because cell phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

14. Beginning at least as early as 2011, Defendant sent and continues to send text messages to Plaintiff's and the Class members' cell phones without consent.

15. On January 30, 2012, Defendant transmitted the following text message to Plaintiff's cell phone:

> Red Bull: Give us your biggest, coolest, most amazing idea and
> Red Bull could Give YOU Wings. http://win.gs/RBLaunch

16. The "from" field of the text message was identified cryptically as "72855," which is an abbreviated telephone number known as an SMS short code.

17. On May 2, 2012, Plaintiff's cell phone received another text call from the SMS short code "72855." The body of that text message read:

> Red Bull: Are you influential? Get Red Bull perks based on your
> Klout score. http://win.gs/RBklout

18. Each of the URL's contained in Defendant's text messages (*e.g.*, http://win.gs/RBLaunch, and http://win.gs/RBklout) direct consumers to websites owned and operated by (or on behalf of) Red Bull, including the www.redbullusa.com website.

19. Neither text message provided Plaintiff an opportunity to opt-out of receiving future messages.

20. Defendant transmitted, or had transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of cellular telephone numbers or randomly generated phone numbers.

21. On information and belief, Defendant sent these text messages to Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

22. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to transmit text message advertisements to her cellular phone.

### V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All individuals in the United States who received a text message on their cellular telephone sent by or on behalf of Defendant Red Bull.

24. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

25. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messages.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct constitutes a violation of the TCPA;

    (b)    whether the equipment Defendant used to transmit the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and

    (c)    whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendant and/or its agents sent unsolicited text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class *en masse* without their prior express consent.

31. Defendant sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

32. Defendant utilized equipment that sent the text messages to Plaintiff and other members of the Class simultaneously and without human intervention.

33. By sending the unsolicited text messages to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited text messages on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Thi Thieu Miller, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Thi Thieu Miller as the representative of the Class, and appointing her counsel as Class Counsel;

B. An award of actual and statutory damages;

C. An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

Dated: June 21, 2012                                  Respectfully submitted,

                                                     THI THIEU MILLER, individually and on
                                                     behalf of all others similarly situated,

                                                     By: _____
                                                         One of the Attorneys for Plaintiff and
                                                         the Propose Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
312.588.1440
Fax: 312.878.1342