# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THI THIEU MILLER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>RED BULL NORTH AMERICA, INC., a California corporation,<br><br>*Defendant*. | Case No. 12-cv-04961<br><br>[Hon. Judge St. Eve] |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Thi Thieu Miller ("Plaintiff" or "Miller"), the Settlement Class (as defined herein) (the Settlement Class and Miller are collectively herein referred to as the "Plaintiffs" unless otherwise noted), and Defendant Red Bull North America, Inc. ("Defendant" or "Red Bull"). The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     On June 21, 2012, Plaintiff Thi Thieu Miller brought a putative class action (the "Action"), alleging that the Defendant sent unauthorized text messages without authorization to consumers across the country promoting various Red Bull products and events in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (Dkt. 1.) The Defendant answered the Complaint on September 11, 2012. (Dkt. 29.)

B.      Following the Parties' Rule 26 conference, the Parties exchanged initial disclosures, and Plaintiff propounded discovery on the Defendant and other third parties. The Parties also engaged in preliminary settlement discussions and agreed to attempt to resolve this matter though private mediation with the Hon. Wayne R. Andersen (ret.) of JAMS. In the weeks leading up to mediation, the Parties informally exchanged certain documents and other information that would be needed to effectively engage in the mediation process.

C.      On November 6-7, 2012, the Parties met for a formal mediation with Judge Andersen. At the start of mediation—and prior to any negotiation—Plaintiff and Class Counsel recognized and continued to recognize the substantial difficulty of pursuing class-wide claims beyond those of the Settlement Class, and as such, indicated that they would amend the class definition originally defined by Plaintiff's Complaint regardless of whether or not mediation was successful. After two days of mediation, additional exchanges of information, and several rounds of arm's-length negotiations with the assistance of Judge Andersen, the Parties made progress toward a classwide settlement and, as such, agreed to continue the negotiations with the assistance of Judge Andersen.

D.      After several additional rounds of arm's-length negotiations presided over by Judge Andersen, and having made substantial progress toward a classwide settlement, the Parties ultimately agreed to another in-person mediation. On January 10, 2013, the Parties convened for another formal mediation session with Judge Andersen, and reached agreement on the principal terms of a settlement. While finalizing the terms, however, the Parties reached another impasse and, accordingly, convened for another formal mediation session with Judge Andersen on February 25, 2013. With Judge Andersen's assistance, the Parties were able to resolve all remaining issues.

E.      At all times, the Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action. The Defendant also denies: (1) each and all of the claims and contentions alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against them or their agents arising out of any conduct, statements, acts or omissions alleged in the Action; (3) that Plaintiff or the Settlement Class is entitled to any form of damages based on the conduct alleged in the Action; and (4) that the putative class defined in Plaintiff's Complaint could properly be certified under Rule 23 of the Federal Rules of Civil Procedure. In addition, the Defendant maintains that it has meritorious defenses to the claims alleged in the Action and was prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, the Defendant has concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to it that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of the propriety of class certification for purposes of litigation, or of any alleged fault, wrongdoing, liability, or responsibility for damages by or on the part of the Defendant, or any of the Released Parties (defined below).

F.      Plaintiff Miller believes that the claims asserted in the Action against the Defendant have merit and that she would have ultimately been successful in adversely certifying the proposed Settlement Class under Rule 23 and in prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge that the

Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Miller, the Settlement Class, and each of them, and the Defendant, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement shall be available

in paper and electronic format.

1.2     **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order and in the Final Judgment as well as in the Notice and the Claim Form.

1.3     **"Class Counsel"** means Jay Edelson and Rafey S. Balabanian of Edelson LLC.

1.4     **"Class Representative"** means the named Plaintiff in this Action, Thi Thieu Miller.

1.5     **"Compliant Campaign"** means an advertising campaign conducted by or on behalf of the Defendant, where at least one advertisement or communication for the relevant campaign included language on its face indicating that a participant in the campaign would receive Text Messages from or on behalf of the Defendant.

1.6     **"Court"** means the United States District Court for the Northern District of Illinois, the Hon. Amy St. Eve (or any judge who shall succeed her as the Judge in this Action) presiding.

1.7     **"Defendant"** means Defendant Red Bull North America, Inc.

1.8     **"Defendant's Counsel"** means Edwin John U, Judson D. Brown, and Michael A. Duffy of Kirkland & Ellis LLP.

1.9     **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.10    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which amount shall be payable out of the

Settlement Fund.

    **1.11** "**Final**" means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or any incentive award to the Class Representative, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

    **1.12** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and the incentive award to the Class Representative.

    **1.13** "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Settlement after the Final Approval Hearing.

    **1.14** "**Mediator**" means Honorable Wayne R. Andersen (ret.).

    **1.15** "**Nationwide**" means the fifty states, the District of Columbia, and the territories of the United States of America.

    **1.16** "**Non-Compliant Campaign**" means any advertising campaign conducted by or on behalf of the Defendant, that is not a Compliant Campaign.

    **1.17** "**Notice**" means the Notice of this proposed Class Action Settlement Agreement

and Final Approval Hearing, which is to be sent substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, D, and E hereto.

      **1.18**   **"Notice Date"** means the date by which the Notice Plan set forth in Paragraph 4.2 is complete, which shall be a date no later than sixty (60) days after entry of the Preliminary Approval Order.

      **1.19**   **"Notice Plan"** means the proposed plan to be implemented by the Settlement Administrator of disseminating Notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

      **1.20**   **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

      **1.21**   **"Parties"** or **"Settling Parties"** means Plaintiff Thi Thieu Miller, the Settlement Class, and Defendant Red Bull North America, Inc.

      **1.22**   **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

      **1.23**   **"Plaintiff"** means Thi Thieu Miller.

      **1.24**   **"Plaintiffs"** means Thi Thieu Miller and the Settlement Class Members, whether

individually or collectively.

**1.25** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

**1.26** **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement and directing Notice thereof to the Settlement Class, to be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.27** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law, any other law, rule or regulation, including the law of any jurisdiction outside the United States, or any other legal or equitable theory or cause of action, against the Released Parties, or any of them, arising out of or relating to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act relating to unauthorized Text Messages as a result of a Non-Compliant Campaign, or that were or could have been alleged or asserted in the Action relating to unauthorized Text Messages as a result of a Non-Compliant Campaign—including Released Claims belonging to any and all Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants,

independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities. Nothing herein is intended to release any claims any governmental agency or governmental actor has against the Defendant.

     **1.28** **"Released Parties"** means Defendant Red Bull North America, Inc. and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and other assigns; as well as all Persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which the Defendant has a controlling interest or which are affiliated with any of them; as well as any employees, agents or other representatives of any of the foregoing.

     **1.29** **"Releasing Parties"** means Plaintiff as well as all Settlement Class Members (whether or not such a Person submits a Claim Form), except for those who properly execute and file a timely request for exclusion from the Settlement Class. To the extent the Settlement Class Member is not an individual, "Releasing Parties" includes all of the Settlement Class Member's present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, "Releasing Parties" includes all of the Settlement Class Member's present, former,

and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

1.30 **"Remaining Funds"** means the amount of the Settlement Fund remaining after the payment of Valid Approved Claims to the Settlement Class Members, Settlement Notice and Administration Expenses, any Fee Award, and any incentive award to the Class Representative.

1.31 **"Settlement Agreement" or "Agreement"** means the settlement contemplated by this Settlement Agreement.

1.32 **"Settlement Notice and Administration Expenses"** means the expenses, fees, costs, charges or similar financial obligations incurred in connection with the distribution of Notice and the processing and payment of claims to the Settlement Class, including for the work performed by the Settlement Administrator and any fees of the Special Master, as well as any costs incurred in sending the CAFA Notice(s) described in Paragraph 10.7 below, with all of the foregoing amounts to be paid from the Settlement Fund.

1.33 **"Settlement Administrator"** means the firm of Epiq Systems, Inc. or such other third party company mutually selected by the Parties and approved by the Court to oversee the distribution of Notice as well as the processing and payment of claims to the Settlement Class as set forth in this Settlement Agreement.

1.34 **"Settlement Class"** means all Persons in the United States and its territories who received one or more unauthorized text messages from or on behalf of the Defendant as a result of a Non-Complaint Campaign. Excluded from the Settlement Class are (1) any Persons that have previously provided consent in response to a Compliant Campaign; (2) any Judge or Magistrate presiding over this action and members of their families; (3) the Defendant, the

Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (4) any third-party vendor that sent text messages on behalf of the Defendant, and its subsidiaries, parent companies, successors, predecessors, and their current or former officers, directors, and employees; (5) persons who properly execute and file a timely request for exclusion from the class; (6) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (7) the legal representatives, successors or assigns of any such excluded persons.

1.35 **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not properly executed and filed a timely request for exclusion from the Settlement Class.

1.36 **"Settlement Fund"** means a claims-made Settlement Fund that is capped at $6 million U.S. dollars ($6,000,000.00). The Settlement Fund shall be used to pay all costs associated with the Settlement, including (a) Settlement Notice and Administrative Expenses, (b) Valid Approved Claims, (c) the Fee Award (if any), and (d) any incentive award to the Class Representative (collectively, "Settlement Expenditures"). The Defendant shall have $6 million U.S. dollars in funds available to pay the Settlement Expenditures. The Defendant's total financial obligation will consist of the actual value of the Settlement Expenditures identified in (a) through (d) above, but subject to a maximum of $6 million U.S. dollars (even if the value of Settlement Expenditures is higher). The Defendant's total financial obligation accordingly will be lower if the value of the Settlement Expenditures is less than $6 million U.S. dollars, but in no circumstance will the Defendant's total financial obligation be more than $6 million U.S. dollars.

1.37 **"Special Master"** means Judge Andersen or such other independent third-party to

be agreed upon by the Parties or appointed by the Court to evaluate those Claim Forms submitted by purported members of the Settlement Class, the acceptance or rejection of which has been challenged by the Defendant or Class Counsel.

    **1.38**    **"Text Message(s)"** means Short Message Service or Multimedia Messaging Service messages sent to Persons from short code 72855 or otherwise sent by or on behalf of the Defendant.

    **1.39**    **"Unknown Claims"** means claims that could have been raised in the Action and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be

true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

      **1.40**    **"Valid Approved Claim"** means a Claim Form submitted by a Settlement Class Member and approved by the Settlement Administrator that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form from a Settlement Class Member; (c) identifies a cell phone number that is identical to a cell phone number on the Class List; and (d) is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury—where the Settlement Administrator shall approve no more than one claim per Settlement Class Member, and shall not approve more than one claim for a single cell phone number.

**2.**      **SETTLEMENT RELIEF**

      **2.1**    **Payments.**

      **(a)**    Class Members shall have until the Claims Deadline to submit a Valid Approved Claim. The Defendant agrees to pay or cause to be paid from the Settlement Fund the sum of no more than one hundred and ten U.S. dollars ($110.00) to each Settlement Class Member who files a Valid Approved Claim subject to the following *pro rata* reduction: if the total amount required to pay one hundred and ten U.S. dollars ($110.00) to each Settlement Class Member who files a Valid Approved Claim would exceed the remaining amount in the Settlement Fund after payment of Settlement Notice and Administration Expenses, the Fee Award (if any), and any incentive award to the Class Representative, then each Settlement Class Member with a Valid Approved Claim shall receive a reduced *pro rata* share of the amount of

the Settlement Fund remaining after payment of all such amounts, so that the aggregate amount of all Settlement Expenditures does not exceed $6 million U.S. dollars.

    **(b)** The Remaining Funds are the property of the Defendant. In no event will the Remaining Funds constitute abandoned or unclaimed property, and the Defendant is entitled to retain all such Remaining Funds.

    **(c)** Within sixty (60) days after the Effective Date has occurred, or such other date as the Court may set following final approval of the Settlement, the Settlement Administrator, in coordination with the Defendant, shall cause all Valid Approved Claims to be paid from the Settlement Fund by check and mailed to the claimants via first-class mail, unless rejected pursuant to Paragraph 5.2 below or challenged pursuant to Paragraph 5.3 below. No Settlement Class member shall receive any payment until after all timely claims have been processed and the Court grants final approval of the Settlement.

    **(d)** All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds shall revert to the Settlement Fund. In no event will the funds represented by an uncashed check constitute abandoned or unclaimed property, and the Defendant is entitled to retain all such funds as part of the Remaining Funds.

    **2.2** **Prospective Relief:** The Defendant agrees that, in the applicable circumstances, it will obtain express consent (to the extent it does not already have express consent) prior to sending future Text Messages to individuals.

    **2.3** **Class Member List Removal Requests:** Each Claim Form will include an

additional option to remove any Settlement Class Member's cell phone number from any list or database of numbers to which Text Messages could be sent by or on behalf of the Defendant. Removal of a Settlement Class Member's cell phone number from any such list or database will not preclude or prohibit such Person from providing prior express consent to receive Text Messages in the future, nor will it preclude or prohibit a subsequent new owner of a Settlement Class Member's cell phone number, who may or may not be a member of Settlement Class, from providing prior express consent to receive Text Messages on that cell phone number at any time.

## 3.    RELEASE AND COVENANT NOT TO SUE

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties, and each of them.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, discharged, and covenanted not to sue on, all Released Claims against the Released Parties, and each of them.

**3.3**    Each Settlement Class Member who does not timely opt out of the Settlement Agreement will be bound by the Settlement (regardless of whether the Settlement Class Member submits a Claim Form) and releases, and covenants not to sue on, all Released Claims against the Released Parties, and each of them ("Release and Covenant Not to Sue").

## 4.    NOTICE TO THE CLASS

**4.1**    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing and the terms of the Settlement embodied in this Settlement Agreement and the Claim Form to be disseminated to potential

Settlement Class Members as provided herein. Such Notice shall comport with due process and be effectuated pursuant to a Notice Plan, the costs of which shall be included as Settlement Notice and Administration Expenses. The Notice Plan will be implemented by the Settlement Administrator in accordance with the approval of both Parties.

    **4.2**    The Notice Plan shall consist of the following:

    **(a)**    *Class List.* Because the Defendant does not have the U.S. mailing addresses or email addresses for all of the persons comprising the Settlement Class, the Defendant shall use reasonable efforts to provide the Settlement Administrator with a list of the cell phone numbers of the participants in Non-Complaint Campaigns who are members of the Settlement Class (the "Class List"), which the Settlement Administrator will use in order to process Claim Forms, with a copy to Class Counsel.

    **(b)**    *Confidentiality of the Class List.* The Parties and the Settlement Administrator shall keep the Class List and all personal information obtained therefrom, including the identities, cell phone numbers, and U.S. mailing addresses of the persons comprising the Settlement Class, strictly confidential. The Parties agree that the Class List may not be used for any purpose other than effectuating the terms of this Settlement Agreement or duties arising thereunder, including the provision of Class Notice in the manner set forth in this Paragraph.

    **(c)**    *Direct Notice by Mail.* For every cell phone number contained on the Class List, the Settlement Administrator shall perform a "Reverse Telephone Lookup" in an effort to locate the full names and U.S. mailing addresses associated with such cell phone numbers. As used herein, the term "Reverse Telephone Lookup" means appending addresses to cell phone numbers through matching other common links between the cell phone numbers and

publicly available databases. For those U.S. mailing addresses obtained through the "Reverse Telephone Lookup," the Settlement Administrator shall send Notice substantially in the form attached as Exhibit B, and an accompanying Claim Form with return postage pre-paid, to each U.S. mailing address by First Class U.S. Mail no later than forty-five (45) days after the entry of the Preliminary Approval Order or on such other date determined by the Court. The Settlement Administrator shall also send Notice substantially in the form attached as Exhibit C including an electronic link to the Settlement Website (as described below) via email to all electronic mail addresses obtained through the Reverse Telephone Lookup. The information obtained from such "Reverse Telephone Lookup" shall be used only for the purpose of administering this Settlement Agreement and for no other purpose.

      **(d)**    *Print Publication Notice*. As an additional means of providing Notice, the Settlement Administrator shall cause Publication Notice to be made by purchasing a one-day 1/3 page advertisement space in *People* and *Game Informer* to be published no later than sixty (60) days after the entry of the Preliminary Approval Order. The text of such Notice shall, subject to the approval of the Court, be substantially in the form provided in Exhibit D.

      **(e)**    *Settlement Website*. Within ten (10) days following the entry of the Preliminary Approval Order, Notice shall be provided on a website at www.millertextsettlement.com (or the closest available equivalent), which shall be administered and maintained solely by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that electronically-signed Claim Forms will be binding for purposes of applicable law and contain a statement to that effect. The Notice on the Settlement Website shall be substantially in the form of Exhibit E hereto. The Settlement Website shall be discontinued no later than seven (7) days after the Claims Deadline.

**4.3**      The Notice shall advise the Settlement Class of their rights, including the right to

be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The

Notice shall specify that any objection to this Settlement Agreement, and any papers submitted

in support of said objection, shall be received by the Court at the Final Approval Hearing, only

if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the

Notice, the Person making an objection shall file notice of his or her intention to do so and at the

same time (a) file copies of such papers he or she proposes to submit at the Final Approval

Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF

system if she is represented by counsel, and (c) send copies of such papers via mail, hand, or

overnight delivery service to both Class Counsel and Defendant's Counsel.

**4.4**      Any member of the Settlement Class who intends to object to this Settlement

Agreement must include his/her name and address, include all arguments, citations, and evidence

supporting the objection (including copies of any documents relied on), state that he or she is a

Settlement Class Member and provide the cellular phone number that allegedly received the Text

Message(s), and provide a statement whether the objector intends to appear at the Final Approval

Hearing with or without counsel. Any Class Member who fails to timely file a written objection

with the Court and notice of his or her intent to appear at the Final Approval Hearing in

accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time

provide copies to designated counsel for the Parties, shall not be permitted to object to this

Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any

review of this Settlement Agreement by appeal or other means and shall be deemed to have

waived his or her objections and be forever barred from making any such objections in the

Action or any other action or proceeding. To be valid, the objection must be filed and sent to

Class Counsel and Defendant's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

      **4.5**    A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular telephone number that allegedly received the Text Message(s), a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**5.**      **SETTLEMENT ADMINISTRATION**

      **5.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain

reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and the Defendant's Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement Class on account of Valid Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a) Forward to the Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement Agreement, and all copies therefore, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b) Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement Agreement and promptly provide to Class Counsel and the Defendant's Counsel a copy thereof upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and the Defendant's Counsel;

(c) Provide weekly reports to Class Counsel and the Defendant's Counsel,

including without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

       **(d)**    Make available for inspection by Class Counsel or the Defendant's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

       **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud or any other indicia that a Person submitting a Claim Form is not eligible for relief under this Settlement Agreement, including by cross-referencing the telephone numbers provided on the Claim Form against the Class List, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, that is not fully and truthfully completed, that is not timely submitted, that does not identify a cell phone number that appears on the Class List, or where there is evidence of abuse or fraud. The Settlement Administrator shall also reject any Claim Form that does not contain all requested information, after giving the claimant a reasonable opportunity to provide any requested missing information. The Settlement Administrator shall approve no more than one claim per Settlement Class Member. The Settlement Administrator shall not approve more than one claim for a single cell phone number.

       **5.3**    Both the Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members. The Settlement Administrator shall follow any agreed to decisions of the Defendant's Counsel and Class Counsel. To the extent the Defendant's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Special Master shall timely decide such challenge. The Parties

agree that the Settlement Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.

     **5.4**     In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and the Special Master shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

     **5.5**     The Final Approval Hearing shall be ninety (90) days after the Notice described in Paragraph 4.2 is provided or such other time as the Court shall set.

     **5.6**     Any Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Settlement Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment to be entered in the Action and the Release and Covenant Not to Sue provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

     **5.7**     Class Counsel and the Defendant's Counsel each agree to keep all information about the settlement administration process—including without limitation all information received pursuant to Paragraph 5 of this Agreement, such as claims reports, information concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement.

**6.**     **TERMINATION OF SETTLEMENT**

     Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or the Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within

ten (10) days after any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

     **6.1**    If prior to the Final Approval Hearing, any Persons who otherwise would be Settlement Class Members have timely requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the number of such Persons seeking exclusion exceeds one hundred (100), the Defendant shall have, in its sole and absolute discretion, the option to terminate the Settlement Agreement, thus returning the Parties' positions to the status quo ex ante. In order to make such an election, the Defendant must serve written notice of termination on the Court and Class Counsel by hand delivery or overnight courier within ten (10) business days after being informed in writing by the Settlement Administrator that there are one hundred (100) or more such requests for exclusion timely filed.

**7.**    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

     **7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance

with the Notice Plan, substantially in the form of Exhibits B, C, D, and E hereto. Such motion also shall request a stay of any litigation by any Settlement Class Member against the Defendant concerning the Released Claims, during the pendency of the approval process.

7.2     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and the Defendant's Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns;

(c)     find that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from

the proposed Agreement and to appear at the Final Approval Hearing, (3) are reasonable and

constitute due, adequate and sufficient notice to all persons entitled to receive notice, and

(4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process

Clause of the United States Constitution and the rules of the Court;

      **(d)**     find that the Class Representative and Class Counsel adequately

represented the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**     dismiss the Action (including all individual claims and Settlement Class

claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in the Settlement Agreement;

      **(f)**     incorporate the Release and Covenant Not to Sue set forth above, make

the Release and Covenant Not to Sue effective as of the date of the Final Judgment, and forever

discharge the Released Parties as set forth herein;

      **(g)**     permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in

any jurisdiction based on the Released Claims;

      **(h)**     authorize the Parties, without further approval from the Court, to agree to

and adopt such amendments, modifications and expansions of the Settlement Agreement and its

implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in

all material respects with the Final Judgment, and/or (2) do not limit the rights of Settlement

Class Members;

      **(i)**     without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement and

interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(j)**      incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1**      The Defendant agrees that a portion of the Settlement Fund may be used to pay Class Counsel reasonable attorneys' fees and reimbursement of expenses in the Action in an amount to be determined by the Court subject to any recommendations that the Parties may mutually agree to make to the Court. Any such Fee Award shall be payable from the Settlement Fund within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement or within five (5) business days after the Effective Date if there have been objection(s) filed. Any payment of attorneys' fees and reimbursement of expenses shall be paid via electronic transfer to an account designated by Class Counsel providing necessary information for electronic transfer.

**8.2**      In addition to any claim amount to which she may be entitled under Paragraph 2.1(a), and in recognition of her efforts on behalf of the Settlement Class, the Class Representative Thi Thieu Miller shall, subject to the approval of the Court, be awarded an incentive award in the amount of $5,000. The Defendant agrees that provided the Settlement Agreement is approved and Final Judgment is entered or the Effective Date occurs, then it will not oppose an award of up to that amount, directly or indirectly. This sum shall be paid in recognition of the Plaintiff's time and effort serving as the Class Representative in this litigation. Such award by the Court shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement

Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date that is ten (10) days after the last (in time) of the following events occurs:

(a)    This Agreement has been signed by the Plaintiff, the Defendant, Class Counsel, and the Defendant's Counsel;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel and the Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, the other Party, provided that it is in

substantial compliance with the terms of this Agreement, may terminate this Agreement on reasonable advance notice to the breaching Party. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, any Fee Award to Class Counsel as set forth in Paragraph 8.1 above and/or an incentive award to the Class Representative as set forth in Paragraph 8.2 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement, but shall return to mediation for at least forty-five (45) days before resuming litigation. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.    MISCELLANEOUS PROVISIONS

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and the Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by the Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed or statement made pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, the propriety of class certification for purposes of litigation, or of any alleged fault, wrongdoing, liability, or responsibility for damages by the Released Parties, or any of them;

**(b)**    is, may be deemed, or shall be used, offered or received against the Defendant, as an admission, concession or evidence of the propriety of class certification for

purposes of litigation, or of any alleged fault, wrongdoing, liability, or responsibility for damages with respect to any statement or written document approved or made by the Released Parties, or any of them;

    **(c)**  is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by the Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

    **(d)**  is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to the propriety of class certification for purposes of litigation, or any alleged fault, wrongdoing, liability, or responsibility for damages by any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. In addition, this Agreement and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or the Settlement may be used in any proceedings as may be necessary to enforce the Settlement;

    **(e)**  is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them,

- 30 -

as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

        **(f)**     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    **10.6**    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **10.7**    Pursuant to 28 U.S.C. § 1715 ("CAFA"), not later than ten (10) days after the Agreement is filed with the Court, the defendant shall jointly serve upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement. The defendant shall serve upon the above-referenced government officials the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if the foregoing are not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement. The defendant may

elect to enlist the Settlement Administrator to provide notice under CAFA on its behalf.

10.8    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.9    Except as otherwise provided herein, each party shall bear its own costs.

10.10   To the extent that either side desires to issue a press release, they may do so, subject to the prior approval of the other party. No press release or other public statements shall include statements disparaging either side, or statements suggesting that the Defendant has been found to have violated the TCPA or that the Settlement amounts to an admission of liability or damages.

10.11   Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that she is fully entitled to release the same.

10.12   Each counsel or other Person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.13**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**   A violation of Paragraph 2.2 shall not provide grounds to void the Settlement, including the Release and Covenant Not to Sue granted herein.

**10.16**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

**10.17**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**10.18**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**10.19**   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Jay Edelson, Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; and Edwin John U of Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, DC 20005.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE

FOLLOWS.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: March 10, 2013

By _____
Thi Thieu Miller, as an Individual and The Class
Representative

Dated: March 11, 2013

RED BULL NORTH AMERICA, INC.

By _____
Stefan Kozak, as Chief Executive Officer

And By _____
Marc Rosenmayr, as Chief Financial Officer

**IT IS SO STIPULATED:**

Dated: March 8, 2013

EDELSON LLC
Attorneys for Plaintiff

By _____
Jay Edelson, Esq.
Rafey S. Balabanian, Esq.

Dated: March 11, 2013

KIRKLAND & ELLIS LLP
Attorneys for Defendant Red Bull North America, Inc.

By _____
Edwin John U, Esq.
Judson D. Brown, Esq.
Michael A. Duffy, Esq.

<u>**EXHIBITS**</u>

| | |
|---|---|
| **Exhibit A** | **Claim Form** |
| **Exhibit B** | **Direct Post Card Notice** |
| **Exhibit C** | **Direct Email Notice** |
| **Exhibit D** | **Publication Notice** |
| **Exhibit E** | **Website Notice** |

## <u>MILLER v. RED BULL NORTH AMERICA, INC. CLAIM FORM</u>

Return this Claim Form to: Settlement Administrator, [address]. Questions, visit www.[website].com or call [toll free number].

**DEADLINE: THIS SETTLEMENT CONCERNS UNAUTHORIZED TEXT MESSAGES. THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____  _____  _____
  *(First)*  *(Middle)*  *(Last)*

**Address**: _____
  *(Street)*

_____  _____  _____ _____ _____ _____
*(City)*  *(State)*  *(Zip Code)*

**My Cell Phone Number: (___ ___ ___) ___ ___ ___ – ___ ___ ___ ___**
(This must be the number that received the unauthorized text message(s) and will be checked against a list of numbers to which the text messages at issue were sent.)

**Email Address:** _____

**Contact Phone Number: (___ ___ ___) ___ ___ ___ – ___ ___ ___ ___**
(Please provide a phone number where you can be reached if further information is required.)

   I declare under penalty of perjury that the information I have provided on this Claim Form is true and correct.

| Option to Remove Cell Phone Number |
|---|

Would you like your cell phone number removed from Red Bull's records? Yes ☐  No ☐

Signature: _____  Date: _____

Print Name: _____  Your claim will be submitted to the Settlement Administrator for review. If accepted, you will be mailed a check for $110 or a lesser *pro rata* share.  This process takes time, so please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT:  www.[website].com OR MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call Class Counsel at 1-866-354-3015.**

**OUR RECORDS INDICATE YOU MAY HAVE BEEN SENT AN UNAUTHORIZED TEXT MESSAGE FROM RED BULL. YOU MAY BE ENTITLED TO A $110 PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Para una notificacion en Español, visitar www.[website].net.*

A proposed class action settlement has been reached in a lawsuit over allegedly unsolicited text messages sent to consumers' cell phones from or on behalf of Red Bull promoting its products and/or events. This lawsuit involves Red Bull's mobile marketing campaigns. The lawsuit claims that, in certain instances, when consumers sent a text message to Red Bull in response to an advertisement or promotion, Red Bull would send future text messages without first getting the consumer's express consent. The lawsuit claims that, through this conduct, Red Bull violated the federal Telephone Consumer Protection Act. Red Bull denies it violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Red Bull promises to vigorously defend the lawsuit if the proposed settlement is not approved by the Court.

**How Do I Know if I am a Class Member?** You may be a member of the Settlement Class if you received one or more text messages from Red Bull without first providing your express consent to receive them. The Settlement Class only encompasses "Non-Compliant Campaigns." Under the Settlement, a "Non-Complaint Campaign" is an advertising campaign conducted by or on behalf of Red Bull where none of the advertisements promoting the campaign included language on their face indicating that participants would receive future text messages. **You are receiving this notice because our records show that a text message covered by the settlement was sent to your cell phone number between January 2007 and [date of preliminary approval].** If you are unsure about whether you are a member of the Settlement Class, please call the settlement administrator at _____ for assistance. Certain individuals, such as those employed by Red Bull, are excluded from the Class. Additional information can be found at www.[settlement].com.

**What Can I Get From the Settlement?** If you are a Settlement Class Member, and the Court approves the Settlement, you may be entitled to receive a $110 payment, or a lesser proportionate amount if the expenses, fees, incentive award, and claims exceed the $6,000,000 Settlement Fund created by the Defendant. The Settlement also requires Red Bull to take prospective steps to ensure compliance with the law.

If the Court approves the Settlement, your claims relating to the allegedly unauthorized text messages that are the subject of this case against Red Bull as well as other entities involved in the sending of the text message(s), will be fully and finally resolved and released. However, you need to timely submit a valid Claim Form to make a claim for a payment.

**How Do I Submit a Claim for Payment?** To qualify for a payment under the Settlement, you must submit a timely and properly completed Claim Form. A Claim Form is included with this Notice. You may also file your claim online. Claim Forms must be signed and postmarked, or submitted through the settlement website by **Month Day, 2013**.

**Other Options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **Month Day, 2013**. If you stay in the settlement, you may object to it by **Month Day, 2013**. The Court will hold a hearing on **Month Day, 2013** to consider whether to approve the settlement and a request by Class Counsel for attorneys' fees of not more than $2 million, plus no more than $100,000 in actual costs from the Settlement Fund, and an incentive award for the Class Representative of $_____. The Court may award less than these amounts. Class Counsel will post their fee petition and itemization of actual costs on the settlement website by _____. Detailed information about the Settlement, including specific instructions about how to object to, or exclude yourself from, the Settlement are available at the website.

**OUR RECORDS INDICATE YOU MAY HAVE BEEN SENT AN UNAUTHORIZED PROMOTIONAL TEXT MESSAGE FROM RED BULL. PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $110 PAYMENT FROM A CLASS ACTION SETTLEMENT.**
*Para una notificacion en Español, visitar www.[website].com.*

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

A proposed class action settlement has been reached in a lawsuit over allegedly unsolicited text messages sent to consumers' cell phones or on behalf of Red Bull promoting its products and/or events. Your legal rights may be affected by this settlement whether you act or don't act. Please read this Notice carefully. Visit www.[website].com to read the full Notice and the Settlement Agreement and to make a claim.

**What is the Lawsuit About?**

This lawsuit involves Red Bull's mobile marketing campaigns. The lawsuit claims that, in certain instances, when consumers sent a text message to Red Bull in response to an advertisement or promotion, Red Bull would send future text messages without first getting the consumer's express consent. The lawsuit claims that, through this conduct, Red Bull violated the federal Telephone Consumer Protection Act.

Red Bull denies it violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Red Bull promises to vigorously defend the lawsuit if the proposed settlement is not approved by the Court.

**Why am I Getting this and am I a Member of the Class?**

You may be a member of the Settlement Class if you received one or more text messages from Red Bull without first providing your express consent to receive them. The Settlement Class only encompasses "Non-Compliant Campaigns." Under the Settlement, a "Non-Complaint Campaign" is an advertising campaign conducted by or on behalf of Red Bull where none of the advertisements promoting the campaign included language on their face indicating that participants would receive future text messages.

**You are receiving this notice because our records show that a text message covered by the settlement was sent to your cell phone number between January 2007 and [date of preliminary approval].** If you are unsure about whether you are a member of the Settlement Class, please call the settlement administrator at _____ for assistance. Certain individuals, such as those employed by Red Bull, are excluded from the Class. Additional information can be found at www.[settlement].com.

**What Can I Get From the Settlement?**

If you are a Settlement Class Member and the Court approves the Settlement, you may be entitled to receive a $110 payment, or a lesser proportionate amount if the expenses, fees, incentive award, and claims exceed the $6,000,000 Settlement Fund created by the Defendant. Red Bull has also agreed to take prospective steps to ensure compliance with the law. The Settlement Agreement available at www.[website].com describes the details of the settlement. Only Settlement Class Members who submit valid approved claims will receive a payment.

**How Do I Submit a Claim for Payment?**

To qualify for a payment under the settlement, you must submit a timely and properly completed Claim Form. You may submit the Claim Form online at www.[settlement].com no later than [claims deadline] by following the instructions found with the link, or you may mail a completed Claim Form, **postmarked no later than [claims deadline],** to *Miller v. Red Bull* Settlement Administrator, [address]. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment.

**What are My Other Options?**

You will be a member of the Settlement Class unless you exclude yourself from the settlement. If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. You must include your name and address, the cellular telephone number that was sent the text message, your signature, and a statement that you wish to be excluded from the Settlement Class in *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961. If you choose to exclude yourself, you give up your right to any settlement payment or to object to the settlement, but retain any rights you may currently have to sue the Defendant over the legal issues in the lawsuit.

You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Objecting is telling the Court you don't like something about the settlement. You can object ONLY if you stay in the Settlement Class and don't exclude yourself. Your written objection must be filed with the Court and sent to the attorneys for all parties to the lawsuit no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the settlement are available at www.[settlement].com.

If you do nothing you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. If the Court approves the Settlement, your claims relating to the allegedly unauthorized text messages that are the subject of this case against Red Bull as well as other entities involved in the sending of the text message(s), will be fully and finally resolved and released. However, you need to timely submit a valid Claim Form to make a claim for a payment.

**Who Represents Me?**

The Court has appointed Jay Edelson and Rafey S. Balabanian from Edelson LLC to represent the class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?**

The Court will hold the Final Approval Hearing to determine the fairness of the settlement at _____ **.m.** on _____ at the Everett McKinley Dirksen U.S. Courthouse, Room 1241, 219 South Dearborn Street, Chicago, IL 60604. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the Final Approval Hearing, Class Counsel will ask the Court for attorneys' fees of not more than $2 million, plus no more than $100,000 in actual costs from the Settlement Fund for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than this amount. Class Counsel will post their fee petition and itemization of actual costs on the settlement website by _____.

The Court has also appointed a Class Representative, who will seek an incentive award of $_____ (an amount the Defendant does not oppose) from the Settlement Fund for her services in helping bring and settle this case. The Court may award less than this amount.

**How Do I Get More Information?**

    This Notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[settlement].com, contact the settlement administrator at 1-___-___-____ or *Miller v. Red Bull* Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: [date]

**IF YOU WERE SENT AN UNAUTHORIZED TEXT MESSAGE FROM RED BULL, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $110 PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Para una notificacion en Español, visitar www.[website].com*

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

A proposed class action settlement has been reached in a lawsuit over allegedly unsolicited text messages sent to consumers' cell phones from or on behalf of Red Bull promoting its products and/or events. Your legal rights may be affected by this settlement whether you act or don't act. Please read this Notice carefully. Visit www.[website].com to read the full Notice and the Settlement Agreement and to make a claim.

### What is the Lawsuit About?

This lawsuit involves Red Bull's mobile marketing campaigns. The lawsuit claims that, in certain instances, when consumers sent a text message to Red Bull in response to an advertisement or promotion, Red Bull would send future text messages without first getting the consumer's express consent. The lawsuit claims that, through this conduct, Red Bull violated the federal Telephone Consumer Protection Act.

Red Bull denies it violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Red Bull promises to vigorously defend the lawsuit if the proposed settlement is not approved by the Court.

### How Do I Know if I am a Class Member?

You may be a member of the Settlement Class if you received one or more text messages from Red Bull without first providing your express consent to receive them. The Settlement Class only encompasses "Non-Compliant Campaigns," Under the Settlement, a "Non-Compliant Campaign" is an advertising campaign conducted by or on behalf of Red Bull where none of the advertisements promoting the campaign included language on their face indicating that participants would receive future text messages. The text messages at issue were sent between January 2007 and [date of preliminary approval].

Membership in the Settlement Class excludes certain individuals, such as those employed by Red Bull. Additional information can be found at www.[settlement].com. If you are unsure as to whether you are a member of the Settlement Class, please call the settlement administrator at _____ for assistance.

### What Can I Get From the Settlement?

If you are a Settlement Class Member and the Court approves the Settlement, you may be entitled to receive a $110 payment, or a lesser proportionate amount if the expenses, fees, incentive award, and claims exceed the $6,000,000 Settlement Fund created by the Defendant. Red Bull has also agreed to take prospective steps to ensure compliance with the law. The Settlement Agreement available at www.[website].com describes the details of the settlement. Only Settlement Class Members who submit valid approved claims will receive a payment.

### How Do I Submit a Claim for Payment?

To qualify for a payment under the settlement, you must submit a timely and properly completed Claim Form. You may submit the Claim Form online at www.[settlement].com, no later than [claims deadline] by following the instructions found with the link, or you may mail a completed Claim Form, **postmarked no later than [claims deadline]** to *Miller v. Red Bull* Settlement Administrator, [address]. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment.

### What are My Other Options?

You will be a member of the Settlement Class unless you exclude yourself from the settlement. If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. You must include your name and address, the cellular telephone number that was sent the text message, your signature, and a statement that you wish to be excluded from the Settlement Class in *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961. If you choose to exclude yourself, you give up your right to any settlement payment or to object to the settlement, but retain any rights you may currently have to sue the Defendant over the legal issues in the lawsuit.

You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Objecting is telling the Court you don't like something about the settlement. You can object ONLY if you stay in the Settlement Class and don't exclude yourself. Your written objection must be filed with the Court and sent to the attorneys for all parties to the lawsuit no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the settlement are available at www.[settlement].com.

If you do nothing you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. If the Court approves the Settlement, your claims relating to the allegedly unauthorized text messages that are the subject of this case against Red Bull as well as other entities involved in the sending of the text message(s), will be fully and finally resolved and released. However, you need to timely submit a valid Claim Form to make a payment.

### Who Represents Me?

The Court has appointed Jay Edelson and Rafey S. Balabanian from Edelson LLC to represent the class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing to determine the fairness of the settlement at _____ **.m.** on _____ at the Everett McKinley Dirksen U.S. Courthouse, Room 1241, 219 South Dearborn Street, Chicago, IL 60604. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the Final Approval Hearing, Class Counsel will ask the Court for attorneys' fees of not more than $2 million, plus no more than $100,000 in actual costs from the Settlement Fund for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than this amount. Class Counsel will post their fee petition and itemization of actual costs on the settlement website by _____.

The Court has also appointed a Class Representative, who will seek an incentive award of $_____ (an amount the Defendant does not oppose) from the Settlement Fund for her services in helping bring and settle this case. The Court may award less than this amount.

### How Do I Get More Information?

This Notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[settlement].com, contact the settlement administrator at 1-___-___-____ or *Miller v. Red Bull* Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: [date]

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# IF YOU WERE SENT AN UNAUTHORIZED TEXT MESSAGE FROM RED BULL, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $110 PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit about whether the energy drink company Red Bull North America, Inc. sent text message ads to consumers without receiving explicit consent to do so. Red Bull is referred to as the "Defendant."

- Those included in the Settlement will be eligible to receive a payment of up to $110.

- Please read this notice carefully. Your legal rights may be affected by this settlement whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You can receive up to $110 under this Settlement. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about any individual claims you may have in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a payment and will give up your rights to sue the Defendant about any individual claims you may have in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because if you are a Class Member you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The U.S. District Court for the Northern District of Illinois is overseeing this case. The case is known as *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961. The person who sued is called the Plaintiff. The Defendant is Red Bull North America, Inc.

## 2. What is a Class Action?

In a class action, one or more people called class representatives (in this case, Thi Miller) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 3. What is this Lawsuit about?

This lawsuit involves Red Bull's mobile marketing campaigns. The lawsuit claims that, in certain instances, when consumers sent a text message to Red Bull in response to an advertisement or promotion, Red Bull would send future text messages promoting its products and/or events without first getting the consumer's express consent. The lawsuit claims that, through this conduct, Red Bull violated the federal Telephone Consumer Protection Act. Red Bull denies it violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Red Bull promises to vigorously defend the lawsuit if the proposed settlement is not approved by the Court.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than years from now, if at all.

# WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

You may be a member of the Settlement Class if you received one or more text messages from Red Bull without first providing your express consent to receive them. The Settlement Class only encompasses "Non-Compliant Campaigns." Under the Settlement, a "Non-Complaint Campaign" is an advertising campaign conducted by or on behalf of Red Bull where none of the advertisements promoting the campaign included language on its face indicating that participants would receive future text messages. The text messages at issue were sent between January 2007 and [date of preliminary approval].

Membership in the Settlement Class excludes certain individuals, such as those employed by Red Bull. Additional information can be found at www.[settlement].com. If you are unsure as to whether you are a member of the Class, please call the settlement administrator at_____ for assistance.

## 6. What type of text message ads were sent?

The text messages covered by the Settlement were sent by or on behalf of Red Bull. Those text messages generally were sent from the "short code" 72855. A short code is an abbreviated telephone number that can be used by companies to send text messages in bulk. This short code will appear on

the cell phone that received those text messages as well as on your cell phone bill as the "sender" of the message.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

The Defendant has created a Settlement Fund totaling $6 million. The cost to administer the Settlement, the cost to inform people about the Settlement, as well as attorneys' fees, litigation expenses, and payments to the Class Representative will also come out of this fund (*see* Question 14). The amount remaining after deducting these costs will be paid to eligible Class Members who submit valid claims.

*Prospective Relief:* The Defendant has also agreed to take prospective steps to ensure compliance with the law.

*Removal Request:* The Claim Form will provide you an opportunity to remove your cell phone number from any list or database of cell phone numbers to which text messages were sent by or on behalf of Red Bull.

### 8. How much will my payment be?

If you are member of the Settlement Class, and the Court gives final approval to the Settlement, you may be entitled to receive up to $110. The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed. Your payment may be reduced if the amount required to pay all claims made by the Settlement Class exceeds the $6 million fund, after paying litigation expenses, notice costs, fees and the incentive award. In the event this occurs, each Class Member who filed a valid approved claim shall receive a reduced proportionate share of that Settlement Fund. Based on their experience, Class Counsel expects that Class Members who submit valid approved claims will receive the full $110. The settlement administrator shall approve no more than one claim per Settlement Class Member, and shall not approve more than one claim for a single cell phone number.

### 9. When will I get my payment?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date]. All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 10. How do I get benefits?

If you are a Settlement Class Member and you want a payment under the Settlement, you must complete and submit a Claim Form by **[Claims Deadline]**. You should have received a Claim Form in the mail or as a link in an email with a summary of this notice. If you did not receive a Claim Form, a copy can be found at www.[website].com or by calling, toll free, 1-800-000-0000. The Claim Form can be submitted online at the website or by mail.

We encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 11. What am I giving up if I stay in the Class?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case. At that time, the release will take effect and you will give up your right to sue the Defendant for claims being resolved by this Settlement, including those related to unauthorized text messages that were sent by or on behalf of Red Bull in connection with a Non-Compliant Campaign. The specific claims you are giving up against the Defendant are described in Section 1.27 and Section 3 of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described in Section 1.28 of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Court Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 18 for free, or you can, of course, talk to your own lawyer if you have questions about what any of this means.

### 12. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

The Court has appointed Jay Edelson and Rafey S. Balabanian of Edelson LLC to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 14. How will the lawyers be paid?

At the Final Approval Hearing, Class Counsel will ask the Court for attorneys' fees of not more than $2 million, plus no more than $100,000 in actual costs for investigating the facts, litigating the case, and negotiating the Settlement in this matter. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund. Class Counsel will post their fee petition and itemization of actual costs on the Settlement Website by _____.

Subject to approval by the Court, the Class Representative will seek an incentive award of $\_\_\_\_ (an amount the Defendant does not oppose) from the Settlement Fund for her services in helping to bring, litigate and settle this case. The Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961 settlement. Your letter or request for exclusion must also include your name, your address, the cell phone number that received the relevant text message(s), and your signature. You must mail your exclusion request no later than **[objection/exclusion deadline]** to:

Miller v. Red Bull North America, Inc. Settlement
0000 Street
City, ST 00000

### 16. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not submit a Claim Form to ask for a payment.

## OBJECTING TO THE SETTLEMENT

### 18. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961, identify all your reasons for your objections (including citations and supporting evidence), and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your cell phone number that received the unauthorized text message(s), and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and the Defendant's Counsel (listed below).

Class Counsel will file with the Court and post on this website its request for attorneys' fees two weeks prior to [objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in Question 22), you must say so in your letter or brief. File the objection with the Court and mail a copy to these three different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| Clerk of the Court | Jay Edelson | Edwin John U |

| Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | EDELSON LLC 350 North LaSalle St, Suite 1300 Chicago, Illinois 60654 | Judson D. Brown KIRKLAND & ELLIS LLP 655 Fifteenth Street, N.W. Washington, D.C. 20005 |
|---|---|---|

**19. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you don't get to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing at [time] on **Month 00, 2013** in Courtroom 1241 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class, to consider Class Counsel's request for up to $2 million from the Settlement Funds for attorneys' fees, costs of up to $100,000, and to consider the request for an incentive award to the Class Representative in the amount of $5,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.[website].com or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**22. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, your letter or brief objecting to the settlement must include "Notice of Intent to Appear in *Miller v. Red Bull North America, Inc.*, No. 12-cv-04961." It must also include your name, address, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and also be sent to the addresses listed in Question 18.

## GETTING MORE INFORMATION

## 23. Where do I get more information?

This Notice summarizes the Settlement. It is not a complete statement of the lawsuit or the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.[website].com. You may also write with questions to Miler v. Red Bull North America, Inc. Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.