**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THI MILLER, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 12-cv-04961 |
| *v.* | |
| RED BULL NORTH AMERICA, INC., a California corporation, | [Hon. Judge St. Eve] |
| *Defendant*. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING THE NOTICE PLAN

WHEREAS, a class action is pending before the Court entitled *Miller v. Red Bull North America, Inc.*, Case No. 12-cv-04961; and

WHEREAS, Plaintiff and Defendant have entered into a Settlement Agreement dated March 11, 2013, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    The parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced attorneys assisted by the Hon. Wayne R. Andersen (ret.) of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability, damages or any other issues for purposes of litigation, by the Defendant or any other parties.

**Settlement Class Certification**

4.      For purposes of settlement only: (a) Jay Edelson and Rafey S. Balabanian of Edelson LLC are appointed Class Counsel for the Settlement Class; and (b) Thi Miller is named Class Representative. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Ms. Miller will adequately protect the

interest of the class defined below.

5.     For purposes of settlement only, the Court certifies the following class as defined

in the Settlement Agreement:

> All persons in the United States and its territories who received one or more unauthorized text messages from or on behalf of the Defendant as a result of a Non-Compliant Campaign.  Excluded from the Settlement Class are (1) any Persons that have previously provided consent in response to a Compliant Campaign; (2) any Judge or Magistrate presiding over this action and members of their families; (3) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (4) any third-party vendor that sent text messages on behalf of the Defendant, and its subsidiaries, parent companies, successors, predecessors, and their current or former officers, directors, and employees; (5) persons who properly execute and file a timely request for exclusion from the class; (6) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (7) the legal representatives, successors or assigns of any such excluded persons.

6.     The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18

below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and,

solely within the context of and for the purposes of settlement only, that the Class satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class of

approximately 110,000 persons is so numerous that joinder of all members is impracticable;

there are common questions of law (*i.e.*, whether Defendant violated the Telephone Consumer

Protection Act, 47 U.S.C. § 227, by sending the Text Messages in question, and whether the

Class members are entitled to statutory damages as a result of Defendant's alleged conduct) and

fact (*i.e.*, whether Defendant sent the Text Messages in question using equipment that had the

capacity to store or produce telephone numbers to be called using a random or sequential number

generator, and whether Defendant obtained the Class members' prior express consent to send the

Text Messages); the claims of the Class Representative are typical of the claims of the Class

members; the Class Representative will fairly and adequately protect the interests of the Class;

common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7.      Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s), or any issue affecting the merits.

**Notice and Administration**

8.      The Court approves, as to form, content and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, D, and E thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice and Claim Form in

ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9.      The Court approves the request for the appointment of Epiq Systems, Inc. as Settlement Administrator in accordance with the provisions of paragraph 1.33 of the Settlement Agreement.

10.     Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website within ten (10) days following the entry of this Order (by March 24, 2013), to mail and e-mail direct notice in accordance with the Notice Plan called for by the Settlement Agreement no later than forty-five (45) days after entry of this Order (by April 29, 2013), and to cause print publication in accordance with the Notice Plan called for by the Settlement Agreement no later than sixty (60) days after entry of this Order (by May 13, 2013). (The date by which all Notice shall be complete shall be referred to herein as "the Notice Date"). The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator with forty-five (45) days after the date of the entry of the Final Judgment.

**Exclusion**

12.     Any members of the Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline of June 27, 2013. The request for

exclusion must be signed by the member of the Class, must include the Person's name and address, the cellular telephone number that allegedly received the Text Message(s), a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class. So called "mass" or "class" opt-outs shall not be allowed.

13.     Members of the Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

14.     Any member of the Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and Settlement Agreement, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. Members of Class may object on their own, or may do so through separate counsel at their own expense.

15.     To object, members of the Class must sign and file a written objection no later than the Objection/Exclusion Deadline of June 27, 2013. To be valid, the objection must set forth the Person's name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Settlement Class Member and provide the cellular phone number that allegedly received the Text Message(s), and provide a statement whether the objector intends to appear at the Final Approval Hearing with or

without counsel. Members of the Class who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18, below.

16.     To be valid, objections must be filed with the Court and contemporaneously sent to Class Counsel, Jay Edelson and Rafey S. Balabanian, Edelson LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, and also to Defendant's Counsel, Edwin John U, Judson D. Brown, and Michael A. Duffy, Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Fairness Hearing**

18.     The Final Approval Hearing shall be held before this Court on August 12, 2013 at 8:30 a.m., at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1241, Chicago, Illinois 60604 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representative. The Court may adjourn the Fairness Hearing without further notice to members of the Settlement Class.

19.     Pursuant to paragraph 8.1 of the Settlement Agreement, the Parties agree that a portion of the Settlement Fund may be used to pay Class Counsel's reasonable attorneys' fees

and reimbursement of expenses in the Action in an amount to be determined by the Court. Class Counsel shall file papers in support of their fee petition with the Court on or before June 13, 2013. Defendant may, but is not required to, file a response to Class Counsel's fee petition with the Court on or before July 15, 2013. Class Counsel may file a reply in support of their fee petition with the Court on or before July 29, 2013.

20.     Papers in support of final approval of the Settlement Agreement, the incentive award, and any supplementation to the request for the Fee Award, shall be filed with the Court on or before July 29, 2013.

**Further Matters**

21.     All further proceedings in the Action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22.     Members of the Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option, to the extent stated in the Settlement Agreement, of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

24.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to

any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court (or any other court) pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

25.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by any of the Released Parties or the Defendant, all of whom vigorously deny all of the claims and allegations raised in this Action.

It is so ordered, this 14th day of March, 2013.

_____
THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT COURT JUDGE