IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THI MILLER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> RED BULL NORTH AMERICA, INC., a California corporation, <br><br> *Defendant*. | Case No. 12-cv-04961 <br><br> Hon. Judge St. Eve |

## **FINAL JUDGMENT ORDER**

WHEREAS, a class action is pending before the Court entitled *Miller v. Red Bull North America, Inc.,* Case No. 12-cv-04961;

WHEREAS, Plaintiff and Defendant have entered into a Settlement Agreement dated March 11, 2013, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement");

WHEREAS, on March 14, 2013, this Court preliminarily approved the Settlement Agreement and certified, for settlement purposes, the Settlement Class consisting of:

> All persons in the United States and its territories who received one or more unauthorized text messages from or on behalf of the Defendant as a result of a Non-Compliant Campaign. Excluded from the Settlement Class are (1) any Persons that have previously provided consent in response to a Compliant Campaign; (2) any Judge or Magistrate presiding over this action and members of their families; (3) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (4) any third-party vendor that sent text messages on behalf of the Defendant, and its subsidiaries, parent companies, successors, predecessors, and their current or former officers, directors, and employees; (5) persons who properly execute and file a timely request for exclusion from the class; (6) all Persons whose claims against the Defendant have been fully and finally

adjudicated and/or released; and (7) the legal representatives, successors or assigns of any such excluded persons;

WHEREAS, pending before the Court are Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 56) and Plaintiff's Corrected Motion for Award of Attorneys' Fees, Expenses and Incentive Award (Dkt. 53) (collectively, the "Motions"); and

WHEREAS, the Court, having read and considered the Motions and the Settlement Agreement, and having heard the parties and being fully advised in the premises, hereby GRANTS final approval of the Settlement Agreement in its entirety.

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arms' length negotiations between experienced attorneys assisted by the Hon. Wayne R. Andersen (ret.) of JAMS; (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (c) is not a finding or admission of liability, damages or any other issues for purposes of litigation, by the Defendant or any other parties.

4. The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, consisting of individual notice via first-class U.S. Mail postcard and email, internet publication on the interactive Settlement Website, publication in *People* and *Game Informer* magazines, CAFA notice to the Attorneys General of each state, as well as the Attorney General of the United States, and a toll-free phone number to field inquires by Settlement Class Members, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

5. The following preliminary appointments are hereby confirmed: (a) Jay Edelson and Rafey S. Balabanian of Edelson LLC as Class Counsel for the Settlement Class; and (b) Thi Miller as Class Representative.

6. The following Settlement Class is hereby finally certified, solely for purposes of this settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All persons in the United States and its territories who received one or more unauthorized text messages from or on behalf of the Defendant as a result of a Non-Compliant Campaign. Excluded from the Settlement Class are (1) any Persons that have previously provided consent in response to a Compliant Campaign; (2) any Judge or Magistrate presiding over this action and members of their families; (3) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (4) any third-party vendor that sent text messages on behalf of the Defendant, and its subsidiaries, parent companies, successors, predecessors, and

their current or former officers, directors, and employees; (5) persons who properly execute and file a timely request for exclusion from the class; (6) all Persons whose claims against the Defendant have been fully and finally adjudicated and/or released; and (7) the legal representatives, successors or assigns of any such excluded persons.

7. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class of approximately 86,000 persons is so numerous that joinder of all members is impracticable; there are common questions of law (i.e., whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending the Text Messages in question, and whether the Class members are entitled to statutory damages as a result of Defendant's alleged conduct) and fact (i.e., whether Defendant sent the Text Messages in question using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and whether Defendant obtained the Class members' prior express consent to send the Text Messages); the claims of the Class Representative are typical of the claims of the Class members; the Class Representative has fairly and adequately protected the interests of the Class; common questions of law and fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating this Action.

8. The Action is hereby dismissed with prejudice and without costs. This dismissal shall not allow the Parties or any members of the Settlement Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but allows the Court to supervise the implementation and administration of the settlement. This judgment has been entered without any admission by the Defendant or any other parties concerning liability, damages, or any other issues for purposes of litigation, including as to the merits of any of the

- 5 -

allegations in the Complaint.

9. The Parties are directed to pay Valid Approved Claims to the Settlement Class in accordance with the Settlement Agreement.

10. The Releasing Parties release and forever discharge the Released Parties from the Released Claims as provided in the Settlement Agreement.

A. As used in this Order and in the Settlement Agreement, the "Releasing Parties" means Plaintiff as well as all Settlement Class Members (whether or not such a Person submits a Claim Form), except for those who properly execute and file a timely request for exclusion from the Settlement Class. To the extent the Settlement Class Member is not an individual, "Releasing Parties" includes all of the Settlement Class Member's present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, "Releasing Parties" includes all of the Settlement Class Member's present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

B. As used in this Order and in the Settlement Agreement, the "Released Parties" means Defendant Red Bull North America, Inc. and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys,

accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and other assigns; as well as all Persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which the Defendant has a controlling interest or which are affiliated with any of them; as well as any employees, agents or other representatives of any of the foregoing.

  C.  As used in this Order and in the Settlement Agreement, the "Released Claims" shall mean any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law, any other law, rule or regulation, including the law of any jurisdiction outside the United States, or any other legal or equitable theory or cause of action, against the Released Parties, or any of them, arising out of or relating to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act relating to unauthorized Text Messages as a result of a Non-Compliant Campaign, or that were or could have been alleged or asserted in the Action relating to unauthorized Text Messages as a result of a Non-Compliant Campaign—including Released Claims belonging to any and all Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents,

subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities. Nothing herein is intended to release any claims any governmental agency or governmental actor has against the Defendant.

11. The release in Paragraph 10 includes the release of all Unknown Claims. As used in this Order and in the Settlement Agreement, "Unknown Claims" means claims that could have been raised in this litigation and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

12. The Court awards to Settlement Class Counsel U.S. $1,275,000, which shall include all attorneys' fees and reimbursement of expenses associated with the Action.

13. The Court awards to Plaintiffs U.S. $5,000, as an Incentive Award for her time and effort serving as the Class Representative in this Action.

14. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendant, Plaintiff, and Settlement Class members regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiff, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement, including but not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have

irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be deemed, used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award (if the Settlement does not become final for any reason), the propriety of class certification for purposes of litigation, or of any alleged fault, wrongdoing, liability, or responsibility for damages by the Released Parties, or any of them—whether in this litigation or in any civil, criminal or administrative proceeding in any court, administrative agency, or tribunal.

16. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (and the Defendant shall retain the right to oppose any subsequent motion for class certification), and no reference to or consideration of the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

17.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

It is so ordered, this 12 day of August, 2013.

_____
HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE